SAMUEL H. SHEARER & SON v. JOHN F. HERRING.

(Filed 15 April, 1925.)

**1. Pleadings—Counterclaims—Judgments—Nonsuit.**

While ordinarily where no complaint is filed, there can be no demurrer or answer upon which to file a counterclaim or cross action, and plaintiff may take a voluntary nonsuit, it is otherwise where a judgment has been taken by defendant in his counterclaim set up in answer to the affidavit in claim and delivery in the action, and set aside for excusable neglect, wherein the plaintiff showed a meritorious cause of action and obligated himself to plead the same if thereafter permitted to do so.

**2. Same—Statutes.**

Where the defendant in answer to the affidavit of the plaintiff in claim and delivery in the action has set up and recovered judgment upon his counterclaim in the absence of the plaintiff, who has thereafter had the judgment set aside for excusable neglect, and thereafter fails to file answer to the defendant's counterclaim, the plaintiff may not take a voluntary nonsuit as of right, and a judgment in defendant's favor upon his counterclaim is properly rendered. C. S., 519, 521, 522. *Whedbee v. Leggett*, 92 N. C., 470, cited and applied.

APPEAL by plaintiffs from *Grady, J.,* at October Term, 1924, of
PENDER.

The material facts will be set forth in the opinion.

*J. T. Bland, Sr., for plaintiff.*
*Stevens, Beasley & Stevens for defendant.*

CLARKSON, J.   The plaintiffs, wholesale lumber dealers, who reside
in Philadelphia, Pa., were engaged for sometime prior to 14 April,
1916, in manufacturing lumber in Pender County, N. C. The defendant,
to secure the payment of certain indebtedness due by him to plaintiffs,
executed to plaintiffs a chattel mortgage on his saw mill outfit and
equipment. Plaintiffs, through their attorney, brought suit on 14 April,
1916, against the defendant in the Superior Court of Pender County,
N. C., and at the same time sued out a writ of claim and delivery in
accordance with law, as agent of plaintiffs made necessary affidavit
and gave bond. The summons was returnable to June Term, 1916, of
Pender County. The sheriff of Pender County served the summons
and writ on defendant and seized the property mentioned in the claim
and delivery covered by the chattel mortgage. Defendant gave replevin
bond and retained possession of the property.

The plaintiffs filed no complaint in the suit. The defendant, on 26
December, 1921, filed an answer to the claim and delivery affidavit
and set up a counterclaim against the plaintiffs for $2,172. At March
Term, 1922, the plaintiffs not being represented, the defendant recovered
judgment against the plaintiffs in the sum of $1,924 and interest from
14 April, 1916, and costs, aggregating near $3,000.

The plaintiffs had no knowledge or notice of this judgment until
a Philadelphia attorney in June, 1923, gave them notice and made
demand on them for payment of the judgment.

The plaintiffs, upon notice from said attorney, employed counsel to
make motion to set aside said judgment. The motion was made after
notice upon affidavits at September Term, 1923, of Pender County,
before Cranmer, J., to set aside and vacate the judgment; and upon the
hearing, the court rendered the judgment as appears in the cause vacat-
ing and setting aside the judgment. The defendant excepted to the find-
ings of fact and judgment of Judge Cranmer, setting aside the said
judgment and appealed to the Supreme Court. Upon hearing the appeal
at Spring Term, 1924, the Supreme Court rendered a *per curiam*
opinion as follows:

"The facts in evidence and the findings of his Honor are in full
support of the order setting aside the judgment for irregularity. There
are also facts in evidence tending to uphold his Honor's present judg-

ment on the ground of surprise and excusable neglect. On careful perusal of the record, we are of opinion that there is no error, and the judgment of the lower court is affirmed." *Shearer v. Herring,* 187 N. C., 855.

After the judgment of the Supreme Court was certified down to the Superior Court of Pender County, and after the June Term of Superior Court of said county, counsel for plaintiffs, before the clerk of the Superior Court, submitted to a voluntary nonsuit, which is set out in the record. After the Superior Court calendar for October Term, 1924, was set, the defendant, by his counsel, over the protest of plaintiffs' counsel, had the cause placed on the trial calendar, and upon motion of the defendant, the court below rendered the following judgment:

"This cause coming on to be heard before his Honor, H. A. Grady, judge, at the October Term, 1924, of Pender Superior Court, upon a motion to set aside a judgment of nonsuit rendered by S. V. Bowen, clerk Superior Court, and being heard, the plaintiffs being represented by Bland & Bland, attorneys, and the defendant being represented by H. L. Stevens and C. D. Weeks, and it appearing to the court that the plaintiffs instituted an action against the defendant in the Superior Court of Pender County, on 14 April, 1916, and the summons therein was duly served upon the defendant, and the sheriff of Pender County seized in said action certain property described in the plaintiff's affidavit, and under orders of the court made from time to time in this action allowing the plaintiffs to file their complaint and the defendant to file answer thereto, and the plaintiffs failing to file their complaint in this action, and under the said orders the defendant having filed a cross action and set up a cause of action and counterclaim therein against the plaintiffs, and the plaintiffs having taken a nonsuit before the clerk of the Superior Court of said county as to their cause of action against the defendant long after filing of said defendant's cross action and counterclaim against the plaintiffs:

"It is now on motion, considered and adjudged that the defendant is the owner of the property seized in this action by the sheriff of Pender County and replevied by the defendant, and that the defendant is owner of said property;

"It is further considered and adjudged that the defendant be and is hereby allowed to amend his complaint and file the same within thirty days from the adjournment of this term of court, and that the plaintiffs be allowed 30 days thereafter to file answer.

"And by consent, this cause is set for trial as the first civil case at the March Term of Court, 1925."

The plaintiffs excepted to the judgment, assigned error and appealed to the Supreme Court.

The plaintiffs contend in their brief: "Under our code and practice the first pleadings of the plaintiff is a complaint, which, with the summons, constitutes the basis of the action. The contents of the complaint are set out in detail. See Clark's Code. If no complaint is filed there is nothing to demur to or to answer, and certainly there can be no counterclaim. The remedy of the defendant, if no complaint is filed, is by motion of judgment of nonsuit." Ordinarily this contention is correct, but not from the facts here.

On the hearing of the motion to set aside the judgment obtained by defendant against plaintiffs, which was granted before Cranmer, J., and affirmed on appeal to this Court, Wm. P. Shearer, surviving partner of the plaintiffs' firm, made affidavit at the hearing, and section 11 is as follows:

"That Samuel H. Shearer & Son have a good and meritorious defense to the matters and things set up in the answer and counterclaim, which they desire in good faith to interpose to the said answer and counterclaim, if the court shall adjudge that the defendant, under the circumstances of this case, is entitled to file such answer and counterclaim."

Mainly on the affidavit of Wm. P. Shearer, the former judgment of defendant was set aside. We think, under the language of the affidavit, plaintiffs should not now be allowed to "blow hot and cold." Wm. P. Shearer testified, in substance, that if the court would set aside the judgment against the plaintiffs they had a meritorious defense to the matters and things set up by defendant in the answer and counterclaim. They, for all intents and purposes of this action, treated the allegations made in their affidavit to obtain claim and delivery—ancillery remedy—as a complaint, and testified that they have "a good and meritorious defense" to the answer and counterclaim, "which they desire in good faith to interpose to the said answer and counterclaim."

Plaintiffs should have fulfilled their obligation to the court below, and when the judgment was set aside and affirmed by this Court, filed their defense in the Superior Court at term, as Wm. P. Shearer, surviving partner, testified plaintiffs would do—in good faith. Plaintiffs did not do this, but, on the contrary, attempted to take a nonsuit before the clerk.

C. S., 519, is as follows: "The answer of the defendant must contain:

"1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

"2. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

C. S., 521. "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a

SHEARER *v.* HERRING.

several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

C. S., 522. "The defendant may set forth by answer as many defenses and counterclaims as he has, whether they are of a legal or equitable nature, or both. They must be separately stated and numbered, and refer to the cause of action which they are intended to answer in such manner that they may be intelligibly distinguished."

*Ashe, J.,* in *Whedbee v. Leggett,* 92 N. C., 470, said: "There is a distinction in counterclaims set up as a defense under sec. 244 of The Code (now C. S., 521, *supra*), which has not been taken or adverted to in the decisions upon that subject heretofore made, that, we think, should be observed. The first subdivision under that section is 'a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of plaintiff's claim, or connected with the subject of the action,' and second, 'In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.' The distinction is this. When a counterclaim such as is authorized by the first subdivision is set up, then we think the plaintiff should not be permitted to enter a nonsuit without the consent of the defendant, for the reason that as it is a connected transaction and cause of action the whole matter in controversy between the parties should be determined by the one action. But when the counterclaim is an independent cause of action arising on contract, such as is provided by the second subdivision, then we can see no reason why the plaintiff may not enter a nonsuit if he should choose to do so. But when the plaintiff in such a case does enter a nonsuit, the defendant should be permitted at his election, to withdraw his counterclaim, which would terminate the action, or proceed to trial with his counterclaim, if it is traversed, or move for judgment against the plaintiff if its allegations are not denied, as in actions upon contracts by a plaintiff against a defendant." *McNeill v. Lawton,* 97 N. C., p. 16; *McLean v. McDonald,* 173 N. C., p. 429; *Cohoon v. Cooper,* 186 N. C., p. 26.

We think the court below, under the facts and circumstances of this case, had the authority to render the judgment, and the same is hereby

Affirmed.